## STATE OF FLORIDA v. CHOPLINSKY

Case Nos. 84-1856MM10 and 84-24108MM10

County Court, Broward County

June 13, 1985

### APPEARANCES OF COUNSEL

**Parke Masterson,** Assistant State Attorney, for plaintiff.

**Betsy Benson,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

STEVEN G. SHUTTER, County Judge.

This cause, came on to be heard before the Undersigned on May 30, 1985 for sentencing pursuant to F.S. 775.084. This Court heard the arguments of the Assistant State Attorney and Counsel for the Defendant. The Court reviewed the testimony and having noted that this case being a case of first impression concerning the habitualizing a DUI Offender.

### *FACTS*

1. On January 23, 1984, the Defendant was charged with the crime of Driving Under the Influence of Alcoholic Beverages to the extent his normal faculties were impaired (DUI), F.S. 316.193.

2. On April 16, 1984, the Defendant, who was represented by Bruce Raticoff, Esquire of Fort Lauderdale, entered a plea of No Contest to

that charge and was adjudicated guilty of DUI on that day. He was sentenced, *inter alia*, to a lifetime driver's suspension and one year probation.

3. On November 1, 1984, while still on probation, the Defendant was arrested for another DUI.

4. On April 1, 1985, the Department of Probation filed an affidavit of Violation of Probation charging the Defendant with violating his probation of April 16, 1984.

5. On April 12, 1985 the Defendant entered a plea of Not Guilty to the charge of violation of probation and the Court appointed the Office of the Broward Public Defender to represent him.

6. On May 1, 1985 an evidentary hearing on the violation of probation was held before this Court. The Defendant was represented by the Office of the Broward Public Defender and after hearing the testimony of the witnesses, viewing the videotape and hearing the arguments of counsels, the Defendant was found guilty of the violation of probation.

7. At that time the Office of the State Attorney filed a written Notice of Intention to Seek Sentence as Habitual Offender pursuant to F.S. 775.084.

8. The Court ordered a Pre-Sentence Investigation be prepared and sentencing and hearing on whether to consider the Defendant a habitual offender was set for May 30, 1985.

9. On May 30, 1985, the Defendant entered a plea of No Contest to the charge of DUI committed on November 1, 1984. At that time the State Attorney filed a Notice of Intention to Seek Sentence as Habitual Offender pursuant to F.S. 775.084. The Court ordered the previously ordered Pre-Sentence Investigation be used in this matter to wit: No. 84-24108MM10.

10. It was proved to this Court that the Defendant was previously convicted of DUI on September 19, 1975; April 16, 1978; and November 4, 1981, all in Broward County, Florida.

## CONCLUSION

11. The Defendant was three times previously convicted of DUI for the purposes of Case 84-1856MM10 and four times previously for Case 84-24108MM10 of the same crime, DUI, all after his 18th birthday.

12. In both cases before the Court the misdemeanors for which the Defendant is being sentenced were committed within two years of the date of the last prior such crime.

13. The Defendant has not received a pardon on the grounds of innocence of any of the five DUI's herein nor has any conviction been set aside in any post-convictions proceeding nor is any presently on appeal.

14. The imposition of an extended or greater prison term than is provided for in F.S. 316.193 for DUI is necessary in these cases for the protection of the public from further criminal activity. The Defendant continues to drive a motor vehicle under the influence of alcoholic beverages to the extent his normal faculties are impaired. He continues to drive even though his privilege to drive has been permanently and totally revoked. The videotape and other testimony of his degree of inhibition indicate an extreme, dangerous and excessive amount of alcohol impairment. Over the years the defendant has been unable to be rehabilitated although he has attended numerous alcohol treatment programs. The Defendant committed his fifth DUI while still on probation for his fourth.

15. It is permissible to utilize F.S. 775.084 to enhance the Defendant's sentence for violating probation where the Defendant meets the criteria for classification as a habitual offender, see *Zambutto v. State*, 413 So.2d 46 (Fla. 3rd DCA 1982). The Habitual Offender procedure and sentencing satisfies due process, *Adams v. State*, 376 So.2d 47 (Fla. 1979).

16. Based upon the foregoing, this Court declare the Defendant to be a Habitual Misdemeanant pursuant to F.S. 775.084.

## SENTENCE

The Defendant is hereby sentenced to three years probation on each case, such sentences to run concurrently. As a condition of probation, he shall serve two years in the Broward County Jail or Stockade, instanter, with credit for time already served. Immediately upon release from the jail/stockade, the Defendant shall stay at the Faith Farm for a period of one year. He is fined $1,000 plus costs, victim fee and surcharge on Case 84-24108MM10 and the fine herein is deferred to May 1988.